# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00132-CR
## NO. 03-03-00133-CR

**Steve Elias, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NOS. 3020932 & 3020966, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In these causes, a jury found appellant Steve Elias guilty of arson and arson of a habitation, respectively. *See* Tex. Pen. Code Ann. § 28.02 (West 2003). After finding that appellant is a habitual felon, the court sentenced him to fifty years' imprisonment in both causes. The only issue on appeal is appellant's contention that his trial counsel did not render constitutionally adequate assistance. We will affirm the convictions.

Appellant's estranged wife, Jo Ann Ramirez, called the police on May 2, 2002, to report that she had received threatening telephone calls from appellant. In these calls, appellant threatened to kill Ramirez and burn her cars. On May 4, Ramirez again called the police after she saw appellant at the convenience store across the street from her duplex residence. Officers

responded to the call and spoke to appellant, but had no grounds to detain him. At the suggestion of the police, Ramirez and her children spent that night at a motel.

Around 5:00 a.m. on May 5, one of Ramirez's cars was discovered burning in her carport. The fire was determined to be arson. Appellant called Ramirez's residence shortly after the fire was discovered. Later that day, Ramirez returned appellant's call in the presence of police officers and appellant was recorded making a threat against her life. That night, while Ramirez remained at the motel, an arson fire was started in the bedroom of her residence. Appellant was seen near the duplex shortly before the fire started. He was also videotaped visiting the convenience store across the street twice that night. First, just before the fire was reported, appellant was videotaped buying matches. Later, as fire sirens sounded in the background, appellant was videotaped calling for a taxicab.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). As an appellate court, we must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v.*

*State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In most cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Id*.

Appellant's complaints regarding his trial counsel's performance fall into three categories: (1) failure to object to evidence of extraneous acts of misconduct, specifically the various threats he made against Ramirez; (2) failure to object to evidence of his previous convictions; and (3) failure to request appropriate jury instructions regarding these matters. Although there was no hearing on appellant's motion for new trial and thus we have no record regarding counsel's trial strategy, appellant asserts that there is no plausible justification for counsel's conduct.

As a general rule, we will not speculate about counsel's trial strategy. *Jackson*, 877 S.W.2d at 771; *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). In light of appellant's argument, however, it is appropriate to briefly address this question as it applies to each of appellant's complaints. With regard to the threats appellant made against Ramirez, trial counsel may have concluded that no objection was warranted because the evidence was admissible as same transaction contextual evidence, and that the probative value of the evidence outweighed the danger of unfair prejudice. Tex. R. Evid. 403, 404(b). With respect to appellant's record of convictions, we note that appellant testified on his own behalf. Counsel presumably knew that appellant would testify, and therefore knew that his record would be admissible for impeachment.[1] Tex. R. Evid. 609. Counsel may have concluded that no useful purpose would be served by objecting to evidence

---

[1] Appellant also complains that counsel did not object to testimony detailing the facts underlying one of these convictions, for criminal mischief. This evidence showed that appellant was accused of setting fire to Ramirez's sister's automobile, but pleaded guilty to the lesser offense. Here again, counsel may have believed that a rule 404(b) objection was fruitless under the circumstances.

that was inevitably going to be admitted. As to counsel's failure to request instructions limiting the jury's consideration of this evidence and requiring that the jury find the extraneous offense evidence true beyond a reasonable doubt, counsel may have believed, given the strength of the State's case, that such instructions would have served to remind the jury of the evidence without providing a real benefit to appellant.

In short, without a record focused on counsel's trial strategy, appellant cannot sustain his burden of demonstrating that his attorney's performance was outside the broad scope of reasonably effective trial counsel. We therefore overrule his ineffective assistance claim and affirm the judgments of conviction.

_____

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   March 25, 2004

Do Not Publish